UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JUNARIAN WALKER,

                       Plaintiff,

     v.

CORRECTIONAL OFFICER ABRAMS, et al.,

                       Defendants.
_____

DECISION & ORDER

23-CV-6176CJS

On March 27, 2023, *pro se* plaintiff Junarian Walker commenced this action alleging violations of his civil rights by defendants. (Docket # 1). Plaintiff, who is currently incarcerated, was granted leave to proceed *in forma pauperis* and subsequently filed an amended complaint. (Docket ## 12, 13, 14). Currently pending before the Court are plaintiff's motions for appointment of counsel. (Docket ## 33, 37). For the reasons discussed below, his motions are denied.

It is well-settled that there is no constitutional right to appointed counsel in civil cases. Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion. *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The factors to be considered in deciding whether or not to assign counsel include the following:

    1.    Whether the indigent's claims seem likely to be of substance;

    2.    Whether the indigent is able to investigate the crucial facts concerning his claim;

    3.      Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

    4.      Whether the legal issues involved are complex; and

    5.      Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [plaintiff's] chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards stated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 61-62, that appointment of counsel is not warranted at this time. As stated above, a plaintiff seeking appointment of counsel must demonstrate a likelihood of success on the merits. *See id*. Plaintiff has not done so at this stage. Moreover, although plaintiff contends that he should be assigned counsel due to his lack of legal training (Docket # 33

2

at 14-15), the legal issues in this case do not appear to be complex. Moreover, plaintiff has filed a complaint and an amended complaint, motions for appointment of counsel and IFP status, and has served discovery demands (Docket ## 1, 2, 3, 8, 13, 33, 37, 40), demonstrating his ability to pursue his claims and to seek court intervention when he believes it is warranted. That he is incarcerated does not, standing alone, warrant appointment of counsel. *See McLean v. Johnson*, 2017 WL 4157393, *1 (W.D.N.Y. 2017).

Although plaintiff alleges that he suffers from a traumatic brain injury (Docket # 33 at 15), he has not otherwise demonstrated that this asserted impairment limits his ability to litigate this case. Appointment of counsel is thus not warranted on this basis, especially where plaintiff has shown an ability to pursue his claims in this case. *See*, *e.g.*, *Perez v. Cnty. of Monroe*, 2012 WL 4052470, *2 (W.D.N.Y. 2012) (denying appointment of counsel where *pro se* plaintiff was "capable of prosecuting his case" and "equipped to understand the litigation process" despite "mental health disabilities"); *Lewis v. Turco*, 2010 WL 2287509, *1 (W.D.N.Y. 2010) (appointment of counsel denied where *pro se* plaintiff had not demonstrated that mental health issues would hinder his ability to litigate his claims); *Byng v. Campbell*, 2008 WL 4662349, *6 (N.D.N.Y. 2008) (denying appointment of counsel where *pro se* plaintiff was "able effectively to litigate" his claims notwithstanding various "medical and mental health issues"). To the extent plaintiff maintains that appointment of counsel is warranted because he had difficulty identifying and serving one of the defendants (Docket # 37), plaintiff demonstrated his ability to seek assistance from the Court and the defendant has now been served. Finally, plaintiff's case does not present any other special reasons justifying assignment of counsel.

On this record, plaintiff's requests for appointment of counsel **(Docket ## 33, 37)** are **DENIED without prejudice** at this time. It is plaintiff's responsibility to hire an attorney or continue with this lawsuit *pro se*. 28 U.S.C. § 1654.

**IT IS SO ORDERED.**

                                                *s/Marian w. Payson*
                                                MARIAN W. PAYSON
                                        United States Magistrate Judge

Dated: Rochester, New York
           September 25, 2024